# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CONDE, | Case No. 1:21-cv-01072-DAD-SKO |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| DEPARTMENT OF THE TREASURY and INTERNAL REVENUE SERVICE, | (Doc. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Christopher Conde ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action against the Department of Treasury and Internal Revenue Service on July 9, 2021. (Doc. 1.)

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
2  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
3  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*
4  *v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant
5  personally participated in the deprivation of Plaintiff's rights.  *Jones v. Williams*, 297 F.3d 930,
6  934 (9th Cir. 2002).

7  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
8  liberally construed and to have any doubt resolved in their favor.  *Wilhelm v. Rotman*, 680 F.3d
9  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
10 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
11 that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678-79; *Moss*
12 *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has
13 acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
14 liability" falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d
15 at 969.

## II.     DISCUSSION

17 Plaintiff alleges that beginning in December 2020, Plaintiff filed two Forms 1040 to seek
18 a return of stimulus payments but has not received any payments. (Doc. 1.)  He also wrote several
19 letters to the Internal Revenue Service ("IRS") and has not received any correspondence in
20 response. (*Id*.)  Plaintiff brings this action seeking payment of $3,200.00 in stimulus payments.
21 (*Id*.)

### A.     Applicable Law

23 The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in
24 part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for
25 the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax
26 credit.  *Scholl v. Mnuchin* (*Scholl I*), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal*
27 *dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under § 6428(a), eligible
28 individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus

$500 multiplied by the number of qualifying children. *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)). This amount is credited against the individual's federal income tax for the year 2020. *Id*. For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id*. at 1021 (citing 26 U.S.C. § 6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Id*. (quoting 26 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Id*. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

       **1.**   **The *Scholl* Class**

In *Scholl I*, the district court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing

3

> obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Scholl I*, 489 F. Supp. 3d at 1047. In *Scholl v. Mnuchin* (*Scholl II*), 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F. Supp. 3d at 692. A permanent injunction was entered, and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status. *Id*. at 692–93. With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's [Federal Rule of Civil Procedure] 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages." Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61, 131 S. Ct. 2541, 180 L.Ed. 2d 374 (2011)). The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Id.* at 691.

///

### 2. Jurisdiction Under 28 U.S.C. § 1346(a)

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. U.S.*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see* 26 U.S.C. § 7422(a) (2002). Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *N. Life Ins. Co. v. U.S.*, 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived.").[1] Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." *Omohundro*, 300 F.3d at 1066–67; *Danoff v. U.S.*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

### B. Analysis

Here, Plaintiff is currently incarcerated and alleges the IRS has not provided the EIPs owed to him under the CARES Act. For relief he seeks the Court require the IRS to provide him all remaining EIPs. To the extent Plaintiff suggests the IRS withheld his refund solely because of his incarcerated status, "he is already part of the *Scholl* class; therefore, he is not entitled to separate individual relief." *Calderon v. Mnuchin*, No. 2:21-CV-0358 DB P, 2021 WL 4123635, at *3 (E.D. Cal. Sept. 9, 2021) (quoting *Vaughan v. U.S. Dep't of Treasury*, No. 21-cv-5674-PJH, 2021 WL 3373280 at *3 (N.D. Cal. Aug. 3, 2021)).

---

[1] The IRS regulations require that the administrative claim must be filed: "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).

1  Regardless, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the
2  CARES Act.  As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs
3  to be made or allowed.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed well before Plaintiff
4  initiated this case on July 9, 2021, and no more funds may be issued.  Any tax rebate Plaintiff
5  might be eligible for must be applied for through his tax return, as it is the responsibility of the
6  IRS, not the Court, to make determinations on rebate or credit eligibility.  26 U.S.C. §
7  6428(f)(3)(B); *Scholl I*, 489 F. Supp. 3d at 1021 n1.

Plaintiff's complaint also suffers from jurisdictional defects.  He alleges that he has filed 1040 forms and has not received his refund and is seeking monetary relief.  To bring a suit against the Government to seek his tax refund, Plaintiff was required to file an administrative claim with the IRS.  While Plaintiff has alleged that he filed his tax returns, he has failed to allege that he filed an administrative claim as required by section 6511 to confer this court with jurisdiction over his claims related to the tax returns.  Further, even if Plaintiff's correspondence with the IRS could be construed to be an administrative claim, he asserts that he has not heard anything from the IRS, and accordingly he has not received a decision on the claim.  *See* 26 U.S.C. § 6532(a)(1).[2] Therefore, the Court lacks jurisdiction over the matter as currently pled.

Plaintiff has failed to state a claim based upon the filing of his tax returns and the failure to receive a refund.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Court shall provide Plaintiff with the opportunity to file an amended complaint.  *See Blankenship v. Dep't of the Treasury, Internal Revenue Serv.*, No. 1:21-cv-00581-NONE-SAB, 2021 WL 1907561, at *3 (E.D. Cal. May 12, 2021) (granting leave to amend in case seeking court intervention in obtaining state prisoner's EIP pursuant to the CARES Act).

---

[2] Section 6532 provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

### III. CONCLUSION AND ORDER

Based on review of the complaint in this action, the Court does not have jurisdiction to consider Plaintiff's claims based upon the filing of his tax returns. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **December 17, 2021**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE