# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CONDE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF TREASURY, et al.,<br><br>　　　　　Defendants.<br>　　　　　／ | Case No. 1:21-cv-01072-DAD-SKO<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE; (2) GRANTING IN PART PLAINTIFF'S SECOND MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT; AND (3) DIRECTING CLERK OF COURT TO SEND PLAINTIFF COPY OF SCREENING ORDER**<br><br>**(Doc. 13)** |

　　　　Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this action filed July 9, 2021. (*See* Docs. 1, 3, 5, 6, 7, 8.)

　　　　On December 20, 2021, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days. (Doc. 9.)

　　　　Plaintiff filed a request for a sixty-day extension of time on January 3, 2022. (Doc. 10) On January 4, 2022, the Court granted the request and ordered Plaintiff to file his amended complaint by no later than March 14, 2022. (Doc. 11.) Plaintiff did not file an amended complaint or request additional time to do so by the deadline.

　　　　On April 1, 2022, the Court issued an order to show cause ("OSC") why the action should not be dismissed for Plaintiff's failure to comply with Court orders and for failure to prosecute his case. (Doc. 12.) Plaintiff's response was due within twenty-one days of service of the OSC.

　　　　Plaintiff filed an "ex parte motion for extension of time" on April 27, 2022, in which he requests an enlargement of time until June 22, 2022, to file his amended complaint. (Doc. 13.) In

support of his motion, Plaintiff asserts "that this purported action requires the plaintiff to examine voluminous records and proceedings from a period of 2–3 years," and that the additional time is "necessary in order to prepare appropriate and accurate responses, in addition to a more accurate and detailed ammended [sic] complaint." (*Id*. at 1–2.)

While Court in its discretion will grant Plaintiff a second extension of time in which to file his amended complaint, it finds that an extension until July 22, 2022, is excessive. Plaintiff has already received one extension of time until March 14, 2022, and did not file a motion seeking an additional extension until April 27, 2022, after the Court issued an OSC.[1] There is no explanation for this delay included in Plaintiff's motion.

Moreover, the Court is unaware of what "voluminous records and proceedings from a period of 2–3 years" is required to be reviewed by Plaintiff in order to state based upon the filing of his tax return and the failure to receive a refund. As set forth more fully in the Court's screening order, to bring a suit against the government to seek his tax refund, Plaintiff was required to file an administrative claim with the Internal Revenue Service ("IRS"). (Doc. 9 (citing 26 U.S.C. §§ 6511(a), 7422(a).) Determining and pleading compliance with this requirement should not require the review of "voluminous records and proceedings from a period of 2–3 years."

Given the clear standards set forth in the Court's screening order by which Plaintiff's amended complaint will be evaluated—a copy of which is being provided along with this order—as well as Plaintiff's unexplained delay in seeking the present, second extension, the Court finds that an additional ***45 days*** is sufficient to permit Plaintiff adequate time to confirm whether or not he filed an administrative claim with the IRS and to allege as such in his amended complaint, in order to confer this Court with jurisdiction over his claims related to his tax return. Accordingly, IT IS HEREBY ORDERED that:

    1.    The OSC entered April 1, 2022, is discharged;

    2.    Plaintiff is granted ***45 days***, or until ***June 17, 2022***, in which to file his amended

---

[1] Plaintiff states in his motion that "[p]rior to seeking this extension from the Court, the plaintiff . . . attempted to obtain a stipulation for the extension from the Courts [sic] informally on April 10, 2022, at 8:35 AM. There was no response, or any explanation, and or denial given." (Doc. 13 at 2.) Plaintiff is advised that any request to the Court must be made in writing and submitted to the Clerk's office for filing on the case docket. "Informal" requests to the Court will not be entertained or responded to.

complaint; and

3. The Clerk of Court shall send Plaintiff a copy of the Court's screening order entered December 20, 2021 (Doc. 9).

IT IS SO ORDERED.

Dated: __**April 28, 2022**__  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE