# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CONDE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>Defendants. | Case No. 1:21-cv-01072-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**<br><br>(Docs. 9, 14)<br><br>**TWENTY-ONE DAY DEADLINE** |

On July 9, 2021, Plaintiff filed the complaint in this case against Defendants. (Doc. 1.) Plaintiff also filed a motion to proceed in forma pauperis, which was granted on October 13, 2021, after Plaintiff submitted his prisoner trust account statement. (Docs. 3, 5, 6, 7, 8.)

On December 20, 2021, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days. (Doc. 9.)

Plaintiff filed a request for a sixty-day extension of time on January 3, 2022. (Doc. 10) On January 4, 2022, the Court granted the request and ordered Plaintiff to file his amended complaint by no later than March 14, 2022. (Doc. 11.) Plaintiff failed to file an amended complaint by the deadline, and on April 1, 2022, the Court ordered Plaintiff to show cause why the action should not be dismissed for his failure to file an amended complaint. (Doc. 12.)

Plaintiff filed another motion for an extension of time on April 27, 2022, asserting "that this

purported action requires the plaintiff to examine voluminous records and proceedings from a period of 2–3 years," and that the additional time is "necessary in order to prepare appropriate and accurate responses, in addition to a more accurate and detailed ammended [sic] complaint." (Doc. 13 at 1–2.). On April 29, 2022, the Court discharged the order to show cause, granted the motion in part, and ordered Plaintiff to file his amended complaint by no later than June 17, 2022. (Doc. 14.) To date, Plaintiff has not filed an amended complaint or requested an extension of time in which to do so

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is again ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's orders and for failure to prosecute his case.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **June 23, 2022**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE