UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CONDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF THE TREASURY, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-01072-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 16) |

Plaintiff Christopher Conde, a state prisoner proceeding pro se and *in forma pauperis*, filed this action against the Department of Treasury and Internal Revenue Service on July 9, 2021. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 20, 2021, the assigned magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and determined that it failed to state a cognizable claim for relief. (Doc. No. 9.) Plaintiff was granted leave to file a first amended complaint attempting to cure the deficiencies identified by the magistrate judge within thirty (30) days after service of that screening order. (*Id*. at 6–7.)

Plaintiff filed a request for a sixty-day extension of time on January 3, 2022. (Doc. No. 10) On January 4, 2022, the assigned magistrate judge granted the request and ordered plaintiff

to file his amended complaint by no later than March 14, 2022.  (Doc. No. 11.)  Plaintiff failed to file an amended complaint by the deadline, and on April 1, 2022, the assigned magistrate judge ordered plaintiff to show cause ("OSC") why the action should not be dismissed for his failure to file an amended complaint.  (Doc. No. 12.)

Plaintiff filed another motion for an extension of time on April 27, 2022, asserting "that this purported action requires the plaintiff to examine voluminous records and proceedings from a period of 2–3 years," and that the additional time is "necessary in order to prepare appropriate and accurate responses, in addition to a more accurate and detailed ammended [sic] complaint." (Doc. No. 13 at 1–2.).  On April 29, 2022, the assigned magistrate judge discharged the OSC, granted the motion in part, and ordered plaintiff to file his amended complaint by no later than June 17, 2022. (Doc. No. 14.)  He did not do so.

On June 23, 2022, a second OSC issued for plaintiff to show cause within twenty-one (21) days why the action should not be dismissed for his failure to comply with the court's screening order and for failure to prosecute this case.  (Doc. No. 15.)  Plaintiff was warned in both the screening order and the second OSC that the failure to comply with the court's orders would result in a recommendation to the presiding district judge of the dismissal of this action.  (*Id*.  *See also* Doc. No. 9.)  Plaintiff did not respond to that OSC or otherwise communicate with the court.

On July 22, 2022, the magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to obey court orders and failure to prosecute this action.  (Doc. No. 16.)  The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 2–3.)  To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on July 22, 2022 (Doc No. 16) are

adopted in full;

2. This action is dismissed due to plaintiff's failure to obey court orders and failure to prosecute this action; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 31, 2022

UNITED STATES DISTRICT JUDGE